UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZEL DEMAR CRISP,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Respondent. | No. 2:15-cv-0938 KJN P<br><br><br>ORDER |

    Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. On May 5, 2015, the undersigned issued findings and recommendations recommending that petitioner's motion for stay and abeyance be granted. (ECF No. 5.) On May 7, 2015, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    In light of petitioner's consent, the assignment of a district judge is vacated. The Clerk of the Court is directed to remove such assignment. The findings and recommendations are vacated, and the court now addresses petitioner's motion by order.

    On April 29, 2015, petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). As set forth below, petitioner's motion is granted.

////

Petitioner concedes that he has not exhausted state court remedies as to his second claim, alleging ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments, based on twelve allegedly unreasonable and prejudicial errors by trial counsel. Petitioner's first claim was exhausted on direct appeal. Petitioner now seeks to stay and abey the habeas petition while petitioner exhausts the ineffective assistance of counsel allegations in the second claim in the state courts. Petitioner, who was only 17 years old at the time of his arrest, with no prior criminal history, has continuously maintained he is actually innocent.

According to petitioner, his family exhausted their financial resources in hiring defense counsel at trial, and petitioner, being held in protective custody at Corcoran State Prison, was unable to obtain assistance from other inmates, despite his efforts to do so. Meanwhile, petitioner's mother diligently attempted to find legal aid or pro bono attorneys to assist her son in his post-conviction challenge; she was unable to afford the retainer fees required to hire an attorney. She finally contacted McGeorge School of Law faculty members, and the McGeorge School of Law Criminal Appellate Advocacy Clinic, together with Clyde M. Blackmon, agreed to represent petitioner in post-conviction proceedings.

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). The instant petition appears to be a "mixed petition," containing both exhausted and unexhausted claims. Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[1] The Supreme Court has made clear that this option "should be available only in

---

[1] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure

limited circumstances." Id. at 277.  Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court.  Id. at 277-78.

In early 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78. . . . The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278. . . ).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014).  "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982.  The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012).  Blake, 745 F.3d at 983-84.

Here, petitioner identifies several claims that allegedly derive from newly-discovered evidence:  expert opinions pertaining to eyewitness identifications, and interviews with numerous witnesses, including co-defendant Steven Brown's attorney, Keith Staten, regarding the apparent

---

is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

1 physical and mental impairments suffered by petitioner's defense counsel throughout the trial.
2 Petitioner contends that all of the subparts to the second claim are intertwined with and depend on
3 the newly-discovered evidence because he also alleges cumulative prejudice as a result of the
4 numerous instances of alleged ineffective assistance of counsel.  Petitioner provided numerous
5 declarations in support of his petition, including a declaration by his defense attorney (ECF No. 1-
6 2), and a declaration from the defense attorney for petitioner's co-defendant (ECF No. 1-5).

7       The Ninth Circuit recently reiterated that "[w]here a federal habeas petitioner presents
8 newly discovered evidence or other evidence not before the state courts such as to place the case
9 in a significantly different and stronger evidentiary posture than it was when the state courts
10 considered it, the state courts must be given an opportunity to consider the evidence." Quezada v.
11 Scribner, 2015 WL 1347217 (9th Cir. 2015) (internal quotation and citation omitted); Leonardos
12 v. Buddress, 2007 WL 1174825, *3 (N.D. Cal. Apr. 19, 2007) (new evidence was allegedly
13 suppressed by the prosecution which cannot be attributable to Leonardos, warranting a finding of
14 good cause); Roberts v. Harrison, 2006 WL 705934 (E.D. Cal. Mar. 17, 2006) (newly-discovered
15 claims based on recently-obtained declarations from percipient witnesses constitutes good cause
16 for Rhines stay); Lugo v. Kirkland, 2006 WL 449130 (N.D. Cal. Feb. 22, 2006) (district court
17 found good cause existed, in part, based on new evidence only recently uncovered once new
18 counsel commenced his investigation).  Petitioner's allegedly newly-discovered evidence
19 demonstrates that good cause exists for the Rhines stay.

20       Moreover, petitioner intends to file a state habeas petition in the Sacramento County
21 Superior Court, requesting an evidentiary hearing, within thirty days from the filing of the April
22 29, 2015 motion for stay.  (ECF No. 2 at 14.)  In the event that the state habeas petition is denied,
23 petitioner will immediately file a petition in the California Supreme Court to exhaust remaining
24 state court remedies.  (Id.)  Thus, granting petitioner the stay will not unduly delay resolution of
25 petitioner's habeas claims.

26       For all of these reasons, the court finds that petitioner has shown good cause to issue a
27 stay under Rhines, 544 U.S. at 278.  In view of the limited record before the court at this stage of
28 the proceedings, this court cannot conclude that all of petitioner's unexhausted claims are plainly

without merit.  (ECF No. 2 at 11-13.)  If petitioner can prove his allegations, a court could find that his defense counsel's performance fell below the objective standard for reasonableness and that he was prejudiced as a result.  See Rhines v. Weber, 408 F.Supp.2d 844, 851 (D. S.D. Dec. 19, 2005) ("nothing in the record to indicate that Rhines' allegations of ineffective assistance of counsel are frivolous.").  Moreover, under comity, this court should defer to the state court to have the initial opportunity to correct the alleged constitutional deprivations.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose, 455 U.S. at 518; Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).  Further, it does not appear that petitioner intentionally engaged in dilatory litigation tactics.  Indeed, petitioner filed the instant petition as soon as practicable once the unexhausted claims were identified and investigated by new counsel, and intends to expeditiously exhaust state court remedies as to such claims.

District courts must "place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 278.  While the court grants petitioner's motion for stay, petitioner is cautioned that he must not unreasonably delay his efforts to exhaust the ineffective assistance of counsel claims in the state courts.  See Evans v. Chavis, 546 U.S. 189, 193-94 (2006) (while some states permit a thirty to sixty day delay, a six month delay between a ruling from a lower state court and the filing of the petition in the next higher state court is presumptively unreasonable.)  Petitioner should diligently exhaust his state court remedies as to the second claim, and promptly seek to lift the stay once the California Supreme Court rules on the second claim and its subparts.

Therefore, petitioner's motion for stay is granted.  Petitioner is directed to file his petition for habeas relief in the Sacramento County Superior Court on or before May 29, 2015, and to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's second claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The order directing the Clerk of the Court to assign a district judge is vacated, and the Clerk of the Court is directed to remove such assignment;

2. The findings and recommendations (ECF No. 5) are vacated;

3. Petitioner's motion for stay and abeyance (ECF No. 2) is granted;

4. Petitioner is directed to file his petition for habeas relief in the Sacramento County Superior Court on or before May 29, 2015;

5. Petitioner is directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's second claim; and

6. The Clerk of the Court is directed to administratively terminate this action.

Dated:  May 15, 2015

/cris0938.styg.o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6